AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California



FILED

JAN 30 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Hack Townsend Culling, Jr. | ) | |
| | ) | 2:20-MJ 0021- ---- KJN |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___April 19, 2019___ in the county of ___Solano___ in the ___Eastern___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:

See attached affidavit of FBI Task Force Officer Brian A. Gassen.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brian A. Gassen, FBI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___01/30/2020___

_____
*Judge's signature*

City and state: ___Sacramento, California___   Hon. Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF TASK FORCE OFFICER BRIAN A. GASSEN IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Brian A. Gassen, being duly sworn, state the following:

## Purpose

1. This Affidavit is made in support of a criminal complaint and arrest warrant for:

    a. **Hack Townsend CULLING, Jr.**

    For the following federal law violations:

    **COUNT 1:**   18 U.S.C. § 922(g)(1) – Felon in possession of a firearm.

## Affiant's Background and Experience

2. I am a Police Officer with the Fairfield (CA) Police Department. I have served as a Patrol Officer for seven years, and as a Gang Detective for three years. I have been a sworn peace officer in the State of California since 2006. In January 2016, I was cross-designated as a Task Force Officer with the Federal Bureau of Investigation, Sacramento Division, Fairfield Resident Agency. In this role, I am responsible for investigating violent crimes and gang-related activity in Solano County, and the City of Fairfield specifically, as a member of the Solano County Violent Crimes Task Force.

3. I have received hundreds of hours of training in my law enforcement career. I have been trained in narcotics investigations, including the means and methods used by narcotics traffickers. My training and experience has focused specifically on the detection, investigation, seizure, and prosecution of individuals involved in the manufacture, possession, and distribution of controlled substances. In addition, I have experience with dozens of firearms investigations and arrests, and I have also spent time consulting with other law enforcement personnel regarding firearms cases.

4. As a result of my training and experience with the Fairfield Police Department and the FBI, I am familiar with the state and federal laws pertaining to firearms. I know that it is unlawful under Title 18 (of the United States Code) for a convicted felon to possess a firearm or ammunition.

5. This Affidavit is submitted in support of a criminal complaint and arrest warrant charging **Hack Townsend CULLING, Jr.** with being a previously-convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

6. The information contained in this Affidavit is based on my review of the reports and files in this case, conversations with other law enforcement personnel involved in this case, and my own personal knowledge. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included

every fact known to me about this case. Rather, I have set forth only those facts I believe are necessary to support probable cause for a criminal complaint and arrest warrant.

**Statement of Probable Cause**

7. On April 19, 2019, Detective Nicholas Amavisca (Fairfield Police Department) was on duty in the City of Fairfield, California. He was wearing a full tactical uniform with the word, "POLICE," on the sleeves and on the front and back of his vest. Detective Amavisca was also driving an unmarked, all black Forde Interceptor SUV. The SUV was equipped with visible spotlights and emergency lights, among other things.

8. At around 5:40 p.m., Detective Amavisca was stopped at the light at Travis Boulevard and Holiday Lane. He saw a white Harley Davidson Glide stopped at the southbound Holiday Lane signal light. Detective Amavisca recognized the rider as Hack Townsend CULLING, Jr. from prior police contacts, and he knew that CULLING was on active Post-Release Community Supervision (PRCS, similar to parole) for a recent conviction for possessing a firearm as a felon, in violation of California Penal Code, Section 29800. Detective Amavisca also knew that the terms of CULLING's PRCS allowed law enforcement to search CULLING and property under his control at any time with or without probable cause.

9. Detective Amavisca watched CULLING drive southbound as the light turned green, and he ran the motorcycle's plates (23X3386), which showed that the motorcycle was associated with CULLING. As they approached an intersection, Detective Amavisca saw that CULLING had failed to stop completely at a stop sign, in violation of California Vehicle Code, SEctoin 22450. Based on this failure to stop completely, and CULLING's status on PRCS, Detective Amavisca decided to conduct a traffic enforcement stop.

10. CULLING yielded in a parking lot on Oliver Road. When he did, Detective Amavisca advised him of the reason for the stop. Detective Amavisca asked CULLING if there was anything on his person or in his motorcycle that he needed to know about. CULLING said nothing other than a small amount of marijuana.

11. Detective Amavisca detained CULLING and searched him, finding approximately $700 in $100 and $20 bills. There was nothing else of evidentiary value on CULLING's person.

12. Detective Sehr, who was also on scene, searched CULLING's motorcycle. During the search, CULLING said that there were various items in his saddle bags consisting of workout equipment, to include boxing gloves, MMA open finger gloves, and hand wraps. As Detective Sehr was searching these items, he ~~would a black~~ found a [BG] and chrome .25-caliber pistol (s/n: A16941).

13. At that point, the detectives placed CULLING under arrest for possessing a handgun as a felon, and for violating the terms of his PRCS. Detective Amavisca took CULLING to his patrol SUV and placed him in the backseat. Another detective continued searching the motorcycle and found a large bundle of a green leafy substance in the left saddle bag, consistent with marijuana. The suspected marijuana was in three plastic-wrapped bundles, which weighed 205 grams, 2.6 grams, and 33.8 grams, respectively. Based on the amount of cash he was carrying and the three

bundles of suspected marijuana, Detective Amavisca believed CULLING had the marijuana for sales, rather than personal use alone.

14. Detective Amavisca read CULLING his *Miranda* rights, and CULLING said that he understood them. Detective Amavisca asked CULLING about the gun, which CULLING had already spontaneously said was not his. Amavisca asked CULLING a series of questions, and CULLING gave the following statement in summary:

> CULLING denied owning the gun and said he did not know how it got there. He said that no one else had access to his motorcycle, but said he did not know who else had access to his gloves. In terms of the marijuana, CULLING said that he smokes 1-2 times a day, and only smokes 1/8 an ounce at a time. He said that he buys ¼ of a pound, which lasts him for a week. CULLING then modified his story and said that he smokes medicinally and has a medical marijuana card. CULLING said that he was not selling marijuana.
>
> CULLING said that he was an iron worker and made $60 per hour. He said that he was last paid on April 12, seven days before.

15. Afterwards, Detective Amavisca took CULLING to the Fairfield Police Department for processing. He was later released pending further investigation.

16. The pistol that CULLING possessed on April 19, 2019, is a "firearm" as defined in 18 U.S.C. § 921(a)(3). An ATF Firearms Trace Summary for this gun (s/n: A16941), shows that it was shipped to a dealership (a Federal Firearms Licensee) in Wichita, Kansas, in March 1971. Thus, this firearm necessarily traveled in interstate commerce prior to its arrival in the State of California.

17. I have reviewed Hack CULLING's criminal history. His adult criminal record includes the following felony convictions:

(i) A felony conviction for inflicting corporal injury on a spouse or cohabitant, in violation of California Penal Code, Section 273.5(a), [judgment entered May 16, 2011, in Contra Costa County, California];

(ii) A felony conviction for inflicting corporal injury on a spouse or cohabitant, in violation of California Penal Code, Section 273.5(a), [judgment entered May 16, 2011, in Solano County, California];

(iii) A felony conviction for inflicting corporal injury on a spouse or cohabitant, in violation of California Penal Code, Section 273.5(a), [judgment entered November 27, 2013, in Contra Costa County, California];

(iv) A felony conviction for threatening crime with intent to terrorize, in violation of California Penal Code, Section 422, [judgment entered November 27, 2013, in Contra Costa County, California];

(v)   A felony conviction for false imprisonment, in violation of California Penal Code, Section 236 [judgment entered December 4, 2017, in Solano County, California]; and

(vi)  A felony conviction for possessing a firearm as a felon, in violation of California Penal Code, Section 29800(a)(1) [judgment entered December 4, 2017, in Solano County, California].

18.   As a previously convicted felon, CULLING is prohibited from possessing firearms and ammunition.

## Conclusion

19.   Based on the facts above, I request that a criminal complaint and arrest warrant be issued for **Hack Townsend CULLING, Jr.**, charging him with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Brian A. Gassen
Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me on January 30, 2020.

Hon. Kendall J. Newman
United States Magistrate Judge

Approved as to form:

Timothy H. Delgado
Assistant United States Attorney

## United States v. Hack Townsend Culling, Jr.
### Penalties for Criminal Complaint

**DEFENDANT:** 1) Hack Townsend Culling, Jr.

## COUNT 1:

VIOLATION: 18 U.S.C. § 922(g)(1) – Felon in possession of a firearm.

PENALTIES: -- A term of imprisonment for up to 10 years,
-- A fine of up to $250,000, or both fine and imprisonment,
-- A term of supervised release for up to 3 years.

SPECIAL ASSESSMENT: $100 (mandatory on each count