UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

HACK TOWNSEND CULLING, JR.,

Defendant.

No. 2:20-cr-00029 WBS

ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCING REDUCTION

----oo0oo----

On December 15, 2022, this court sentenced defendant to a 120-month term of imprisonment after he was convicted of possession of a firearm under 18 U.S.C. § 922(g)(1). (J. & Commitment (Docket No. 117).) Defendant now requests a ten-month sentencing reduction, arguing that retroactive application of Sentencing Guidelines Amendment 821 reduces his guideline range. (Mot. at 1 (Docket No. 136).) The government concedes that Amendment 821 is applicable but contends that defendant's criminal history and the risk he poses to public safety make a

reduction inappropriate. (Opp'n at 2-3 (Docket No. 139).)

A sentencing court may reduce a defendant's term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This inquiry has two steps. First, a court must "determin[e] whether a reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Kheyre, 176 F.4th 1169, 1173 (9th Cir. 2026) (quoting United States v. Hernandez-Martinez, 933 F.3d 1130 (9th Cir. 2019)). Second, a court must "decide if a reduction is warranted based on the [18 U.S.C.] § 3553(a) factors." Kheyre, 176 F.4th at 1173.

When a motion rests on a retroactive amendment, step one requires a court to "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Dillon v. United States, 560 U.S. 817, 827 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)). Here, it is undisputed that defendant's guideline range would have been 110 to 120 months had Amendment 821 been in effect at the time this court sentenced him. (Mot. at 3-4; Opp'n at 2.) See U.S.S.G. supp. to app. C, amend. 821, pt. A (2023); U.S.S.G. § 1B1.10(d) (making Amendment 821 retroactive). This range is below defendant's original "range," which was 120 months due to the statutory maximum, but it still includes the 120-month sentence this court imposed.

(Mot. at 3; Opp'n at 2.) Defendant's motion therefore turns on the § 3553(a) factors.

In conducting the § 3553(a) analysis, a court "should use 'the fullest information possible concerning the defendant's life and characteristics,'" including "post-sentencing and post-offense rehabilitation." United States v. Lizarraras-Chacon, 14 F.4th 961, 967 (9th Cir. 2021) (quoting Pepper v. United States, 562 U.S. 476, 488 (2011)). The court must also "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).

Defendant argues that his personal history and rehabilitative efforts justify a ten-month reduction. (Mot. at 7-13.) The government responds that defendant, a violent felon with an egregious criminal history, poses a significant risk to public safety. (Opp'n at 2-3.)

Despite a traumatic upbringing, defendant has made commendable progress while incarcerated. He describes his efforts to address the "the primary factor that led to his crimes: his impulsiveness and inability to channel his anger." (Mot. at 11.) He has also become an "honor inmate" and is taking several correctional classes. Defendant's progress therefore weighs in favor of a reduction.

Those achievements do not, however, outweigh the need for deterrence. This court originally imposed a sentence at the statutory maximum because it was necessary to deter others, which "can be just as important as the effect that the sentence has on the defendant." (Sent. Tr. at 42 (Docket No. 127).) See 18

U.S.C. § 3553(a)(2)(B). The sentence sent "a strong message" that "guns and drugs don't go together." (Sent. Tr. at 42.) That message is no less important today, and reducing defendant's sentence would weaken it.

IT IS THEREFORE ORDERED that defendant's motion for a sentencing reduction (Docket No. 136) be, and the same hereby is, DENIED.

Dated: November 6, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE